**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**J.G. WENTWORTH**
**ORIGINATIONS, LLC,**

     *Petitioner*,

**v.**                                                        **Case No. SA-20-CV-0528-JKP**

**ARTURO RESENDEZ,**

     *Respondent*.

**MEMORANDUM OPINION AND ORDER**

Before the Court is *Applicant J.G. Wentworth, L.L.C.'s Response to the Court's Show Cause Order* ("Response") (ECF No. 6). After considering the original application, the Response, all matters of record, and the applicable law, the Court dismisses this action for lack of jurisdiction.

**I. BACKGROUND**

Pursuant "to the Texas Structured Settlement Protection Act contained in Chapter 141 of the Texas Civil Practice and Remedies Code," Petitioner commenced this action by filing an *Application for Approval of Transfer of Structured Annuity Benefits* (ECF No. 1) naming Arturo Resendez as respondent. Counsel electronically filed the Application as a civil complaint alleging diversity of jurisdiction based upon contract.

Through the six-page application, Petitioner, as the applicant, requests that the Court approve a transfer of benefits under a structured annuity contract that arose out of a settlement in *Resendez v. General Motors Corp.*, No. SA-81-CA-429 (W.D. Tex.). Petitioner attaches a copy of the twenty-three-page Agreed Judgment in that case as Exhibit D. It also attaches, as Exhibit A, a contract between it and Respondent to transfer his rights to annuity payments for a lump sum payment. Petitioner identifies as interested parties: itself, respondent (a Texas resident), and one

or two annuity issuers located in Pennsylvania.[1] Petitioner includes the following paragraph:

> Venue and jurisdiction are proper in this Court because, pursuant to the Texas Structured Settlement Protections Act, this Application is properly brought in The [sic] court of original jurisdiction, without regard to the amount subject to the potential transfer, because the Texas Structured Settlement Protections Act does not specify an amount that would prohibit a court from hearing an application. TEX. CIV PRAC. & REM. CODE Chapter 141.

Petitioner prays that the Court grant the application and approve the transfer.

After the Court questioned the jurisdictional basis for this action and ordered Petitioner to show cause why the Court should not dismiss this case for lack of jurisdiction, *see Order to Show Cause* (ECF No. 2), Respondent filed a pro se *Answer* (ECF No. 3) indicting that he is not opposed to this Court hearing this matter. Petitioner also moved to extend the time for responding to the show cause order, which the Court granted while emphasizing that original federal jurisdiction is mandatory, and parties may not consent to subject matter jurisdiction. It thus informed the parties that the filed answer has no bearing on this Court's jurisdiction.

In its response to the show cause order, Petitioner states that "[u]pon further review of the case history and file, it is now apparent that the Applicant was asking for more relief than intended or contemplated originally." *See Response* ¶ 3. Petitioner concedes that federal jurisdiction is lacking based on its original filing. *See id*. ¶ 5. It thus expresses an intent to amend its application to "merely seek a declaratory order from this Court that this application is more properly considered by the appropriate State Court." *Id*. ¶ 6. It further states that it "will file an amended pleading in conjunction with this response" and "asks this Court to allow this matter to proceed only to declare that the State Court is the proper jurisdiction." *Id*. ¶¶ 6-7.

## II. JURISDICTION

Federal courts have an "independent obligation to assess [their] own jurisdiction before

---

[1] Because Petitioner appears to list the same annuity insurer twice, the Court is uncertain whether there are one or two annuity insurers.

exercising the judicial power of the United States." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Jurisdiction is essentially the authority conferred by Congress to decide a given type of case one way or the other." *Hagans v. Lavine*, 415 U.S. 528, 538 (1974). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"Original jurisdiction over the subject matter is mandatory for the maintenance of an action in federal court." *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). Parties "may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). The Fifth Circuit has long held that, under Fed. R. Civ. P. 12(h)(3), the federal courts "have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

In its original application, Petitioner relies upon a Texas statute to support jurisdiction. Not only does Petitioner fail to specify the precise jurisdictional-bestowing provision of the Texas Structured Settlement Protection Act contained in Chapter 141 of the Texas Civil Practice and Remedies Code, it more importantly fails to recognize that federal jurisdiction is dependent on federal law. State law does not create federal jurisdiction. Nevertheless, review of Chapter 141 may provide insight into Petitioner's reasoning for relying on the state law.

The short title for Chapter 141 of the Texas Civil Practice and Remedies Code is "the Structured Settlement Protection Act" ("SSPA"). Tex. Civ. Prac. & Rem. Code Ann. § 141.001. The SSPA has seven sections. *See id.* §§ 141.001 to 141.007. Among other terms, the definitional

section defines Court, Interested party, Payee, and Transferee. *See id.* § 141.002(2), (7), (9), and (21). The SSPA also identifies mandatory disclosures to the Payee. *See id.* § 141.003. Section 141.004 not only requires court approval of transfers of structured settlement payment rights, but it requires three specific express findings that the approving court must make. Section 141.006 sets out the procedure for obtaining approval, which starts with the transferee bringing "[a]n application . . . for approval of a transfer of structured settlement payment rights . . . in the court." Most states, including Texas, have enacted statutes like the SSPA to protect unwary persons from potential abuse in their transactions with companies that buy future payment rights in exchange for a present lump sum. *Rapid Settlements, Ltd. v. Green*, 294 S.W.3d 701, 705 (Tex. App. – Houston [1st Dist.] 2009, no pet.). And no payee may waive any provision of the SSPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 141.007(a).

Nothing in Chapter 141 establishes federal jurisdiction for the mandatory judicial approval. But the statute does provide guidance in its definition of "Court," which means:

> (A) the court of original jurisdiction that authorized or approved a structured settlement; or

> (B) if the court that authorized or approved the structured settlement no longer has jurisdiction to approve a transfer of payment rights under the structured settlement under this chapter, a statutory county court, a statutory probate court, or a district court located in the county in which the payee resides.

Tex. Civ. Prac. & Rem. Code Ann. § 141.002(2).

As shown by Exhibit D of the filed application, the Western District of Texas is the court of original jurisdiction as identified in § 141.002(2)(A). Notably, the Agreed Judgment in the original case specifically precludes transfers or reassignment. Further, although it appears that nothing in the Agreed Judgment expressly retains jurisdiction to enforce the settlement agreement, the Court did maintain express control over some elements of settlement payments regarding minors. It is uncertain at best that such control exhibits present jurisdiction to approve the transfer of

4

payment rights.

Of course, settling parties that "wish to provide for the court's enforcement of a dismissal-producing settlement agreement" can request that the court retain jurisdiction for that purpose. *Kokkonen*, 511 U.S. at 381. Similarly, a court may retain jurisdiction to make modifications. But any retention of jurisdiction must be explicitly set out by the court. *See id.* at 382. And in the absence of such action, "enforcement of the settlement agreement is for the state courts, unless there is some independent basis for federal jurisdiction." *Id.*

Here, through its original application, Petitioner does not ask the Court to enforce the settlement agreement. Instead, as required by Texas law, it asks for court approval of a transfer of the structured settlement payments. Because the Western District of Texas is the court of original jurisdiction regarding the structured settlement, it qualifies as the proper court to approve the transfer, but only so long as it still "has jurisdiction to approve a transfer of payment rights under the structured settlement."

Furthermore, even if the original case in the Western District of Texas retained jurisdiction in some respect, the retention of jurisdiction does not appear sufficient to provide jurisdiction for "a separate and independent suit"; it instead permits the filing of a proper motion in the original action. *See Scott v. State of Tex.*, No. 9:01-CV-58, 2002 WL 32075770, at *4 n.9 (E.D. Tex. Apr. 25, 2002) (recommendation of Mag. J.). Nevertheless, independent research has revealed two cases in which the Eastern District of Texas considered applications for approval of transfer of structured annuity benefits as separate civil actions. *See JG Wentworth v. Landon*, No. 9:18-CV-00219-ZJH, 2019 WL 1410897, at *1 (E.D. Tex. Mar. 28, 2019); *DRB Cap., LLC v. Wade*, No. 4:16-CV-00516-CAN, 2016 WL 6397379, at *1 (E.D. Tex. Oct. 28, 2016). But, because neither case addresses the basis for federal jurisdiction, they are not helpful on the issue of jurisdiction.

Through its original application, Petitioner failed to establish that (1) *Resendez v. General Motors Corp.*, No. SA-81-CA-429 (W.D. Tex.) retained jurisdiction to approve the transfer of payment rights or (2) there is some independent basis for federal jurisdiction over this action separate and apart from any retained jurisdiction. In its Order to Show Cause, the Court stated that, "[i]f Petitioner desires to rely on the former avenue for jurisdiction, it shall point precisely to the retention of jurisdiction in that prior case." *See ECF No. 2* at 5. And "although the latter avenue for jurisdiction does not appear to be contemplated by Tex. Civ. Prac. & Rem. Code Ann. § 141.002(2), the Court" ordered that, "if Petitioner intends to establish jurisdiction over this action through that path under diversity jurisdiction, it must (1) show some underlying claim or cause of action upon which it premises diversity jurisdiction; (2) satisfy the jurisdictional amount in controversy requirement; and (3) establish complete diversity between the parties." *Id.*

In its Response to the Order to Show Cause, Petitioner has not shown that the Western District of Texas retained jurisdiction to approve the transfer of payment rights. Nor has Petitioner shown any basis for diversity jurisdiction or any other independent basis for federal jurisdiction over this action. For the reasons stated in the *Order to Show Cause*, Petitioner has not shown that this Court has jurisdiction over this action.

Petitioner concedes the lack of jurisdiction but seeks to amend to obtain a declaratory judgment. But, despite the representation that it would file an amended pleading, Petitioner has filed nothing since its response to the show cause order. Petitioner, moreover, provides no jurisdictional basis for this Court to issue the requested declaratory judgment even had it filed a proper amendment. It is well-established that "the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, provides no independent basis for jurisdiction." *Cambranis v. Pompeo*, No. 5:19-CV-0238-JKP, 2020 WL 1447380, at *3 (W.D. Tex. Mar. 24, 2020) (citing *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 197 (2014); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72

(1950); *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001); *Northfield Ins. Co. v. Rodriguez*, 261 F. Supp. 3d 705, 708 (W.D. Tex. 2017)), *aff'd sub nom. Cambranis v. Blinken*, No. 20-50399, 2021 WL 1287429 (5th Cir. Apr. 7, 2021). As already stated, Petitioner has neither shown any basis for diversity jurisdiction nor any other independent basis for federal jurisdiction over this matter. The attempt to obtain a declaratory judgment changes nothing regarding jurisdiction over this action.

## III. CONCLUSION

For the foregoing reasons, the Court **FINDS** that Petitioner has not carried its burden to establish that federal jurisdiction exists over this action. Accordingly, pursuant to Fed. R. Civ. P. 12(h)(3), it **DISMISSES** this action without prejudice for lack of jurisdiction. It will issue a final judgment by separate filing.

**IT IS SO ORDERED this 13th day of April 2021.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**